# EXHIBIT A

# CGH TECHNOLOGIES, INC.

## EMPLOYEE NON-COMPETE AGREEMENT

**THIS NON-COMPETE AGREEMENT** (the "Agreement") is made and entered this 3 day of _____, **2008** by and between **CGH TECHNOLOGIES, INC.**, a Maryland corporation, having its principal place of business at 600 Maryland Avenue, SW, Suite 800W, Washington, D.C. 20024 ("the Company") and _____, an individual residing at _____ _____ ("the Employee").

### WITNESSETH:

**WHEREAS**, the Company desires to employ or continue to employ the Employee and the Employee has agreed to accept such employment or continued employment, on the terms and conditions set forth in the Offer Letter dated _____;

**WHEREAS**, the Employee specifically acknowledges that he or she will/has become knowledgeable about the Company's products, services, software, contracts, computer processing systems, pricing, proposals, financial statements, other employees/consultants, existing and potential customers of the Company, along with other valuable and confidential, proprietary and/or trade secret information, which would not otherwise be made available to him or her but for his or her employment and fiduciary relationship with the Company;

**NOW, THEREFORE**, in consideration of the Employee's new and/or continued employment and the agreements and mutual promises herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### Article 1.

**Non-Solicitation of Employees, Consultants or Contractors**

Employee agrees that for the period of his/her employment by the Company and for two (2) years after employment by the Company ends for any reason, including but not limited to voluntary termination by the Employee or involuntary termination by the Company, the Employee will not, either directly or through others, solicit, encourage or attempt to solicit any other employee, independent contractor or consultant of the Company to terminate their employment with the Company or to become an employee, consultant or independent contractor to or for any other person or entity.

## Article 2.

**Non-Solicitation of Customers**

Employee agrees that for the period of his/her employment by the Company and for one (1) year after the employment by the Company ends for any reason, including but not limited to voluntary termination by the Employee or involuntary termination by the Company, the Employee will not, either directly or through others, solicit work from or perform services for, any customer of the Company which is or are in any way similar to the work or services performed by that Employee while employed by the Company. This provision is applicable to all customers with whom the Employee had contact with during his/her employment with the Company or whose identity the Employee learned as a result of his/her employment with the Company.

The parties agree that for purposes of this Agreement, a "customer" is any person or entity to which the Company has provided goods or services or proposed to provide goods or services at any time during the Employee's employment with the Company. In the case of a governmental agency, the "customer" shall be deemed to be the bureau, section, division or other operating unit of the Agency for whom the Employee provided services while employed by the Company or any other bureau, section, division or operating unit of the Agency which receives services from the Company pursuant to a contract then in effect or which was terminated within six (6) months of the Employee's termination date.

## Article 3.

**Non-Competition**

Employee agrees that during his or her employment with the Company, he or she will not (except in furtherance of his or her duties as an Employee of the Company or with the written consent of the Company ) directly or indirectly own, manage, operate, control or participate in or be connected with as an officer, shareholder, employee, member, representative, broker, agent, salesperson, partner, distributor, consultant or otherwise any business which is competitive with the business of the Company. Employee further agrees that, as a condition of his or her employment with the Company, for a period of 18 months after the later of (i) the date of the Employee's/Consultant's voluntary or involuntary termination of employment with the Company, or (ii) the date a court of competent jurisdiction enters an order enforcing this provision, the Employee will not (except with the written consent of the Company), directly own, manage, operate, control, or participate in or be connected with as an officer, shareholder, employee, member, representative, broker, agent, salesperson, partner, distributor, consultant or otherwise any business which is competitive with the business of the Company and which operates in the District of Columbia or in any county outside of the District of Columbia where the Employee performed services on behalf of the Company. Nor shall the Employee engage in any other activity for the purpose of soliciting or selling to any current or potential customer of the Company any product or service which competes with the Company's products and/or services or divert or take away any customer of the Company or divert or take away any business of any customer of the Company.

## Article 4.

**Acknowledgements**

Employee acknowledges and agrees that the restrictions contained in this Agreement are reasonable and necessary for the protection of the goodwill and business of the Company and that the Company will suffer irreparable harm if the Employee engages in any conduct prohibited hereby. The Employee further acknowledges that the restrictions set forth herein apply to any actions the Employee may undertake as an individual or in the capacity of a partner of a joint venture, employee, contractor, consultant, agent for any other person or firm. Employee represents that observance of the covenants set forth herein will not cause Employee any undue hardship nor will it unreasonably interfere with Employee's ability to earn a livelihood in his/her chosen field or trade.

## Article 5.

**Legal and Equitable Remedies**

Employee understands and agrees that any violation of this Agreement may cause the Company to sustain irreparable injury. In order to limit or prevent such irreparable injury, the Company shall have the right to enforce this Agreement and any of its provisions by injunction, specific performance, or other equitable relief, without bond, and without prejudice to any other rights or remedies that the Company may have for the breach of this Agreement.

## Article 6.

**Effect of Breach**

In the event of a breach or a threatened or intended breach of Articles 1, 2 or 3 herein by the Employee the Company shall be entitled, in addition to remedies otherwise available to the Company at law or in equity, to injunctions, preliminary and final, enjoining and restraining such breach or threatened or intended breach and Employee consents to the issuance thereof forthwith by any court of competent jurisdiction. If the Company prevails in any litigation filed in any court of competent jurisdiction for the purpose of enforcing any right or remedy under this Agreement, the Company will be entitled, in addition to any damages or other relief awarded by the court, to an award of its reasonable attorney's fees and costs incurred in such litigation.

## Article 7.

**Tolling**

To the extent Employee is in breach of Articles 1 or 2, the term of each such restriction shall be tolled for the period of time that the Employee remains in breach of Articles 1 or 2 as determined by the Company. For example, if immediately after termination of his or her employment, Employee accepts a position within the same bureau, section, division or other operating unit of a governmental agency for which he or she performed services as an Employee of the Company and stays in that position for six months, the term of the restrictive covenant set forth in Article 2 shall be extended from one year to eighteen (18) months following termination.

## Article 8.

**Applicable Law**

This Agreement shall, in all respects, be governed by and construed in accordance with the laws of the District of Columbia for contracts executed and performed therein.

## Article 9.

**Waiver of Breach**

Waiver by the Company of a breach of any provision of this agreement shall not operate or be construed as a waiver of any subsequent breach. Any such waiver shall be valid only if signed by a duly authorized representative of the Company. Any failure or delay of the Company to enforce one or more of the terms or conditions of this Agreement shall not constitute a waiver of any such terms or conditions or of the right of the Company to enforce each and every term of this Agreement.

## Article 10.

**Severability**

Each paragraph, clause, sub-clause and provision of this Agreement shall be severable from each other and if, for any reason, any paragraph, clause, sub-clause or provision is found invalid or unenforceable, such invalidity or unenforceability shall not prejudice or in any way affect the validity or enforceability of any other paragraph, clause, sub-clause or provision of this Agreement. It is intended that any paragraph, clause, sub-clause or provision which is invalid or unenforceable as written be valid and enforceable to the fullest extent possible. In the event that a court of competent jurisdiction would otherwise hold Articles 1, 2 or 3 hereof unenforceable by reason of the geographic or business scope or duration thereof, said Articles shall be construed as if the geographic or business scope or the duration of such Article had been more narrowly drafted so as not to be invalid or unenforceable.

## Article 11.

**Consent to Jurisdiction**

The Employee hereby irrevocably submits to the jurisdiction of the Superior Court of the District of Columbia in any action or proceeding arising out of or relating to this Agreement, and the Employee hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in the Superior Court of the District of Columbia.

## Article 12.

Legal Review

Employee is encouraged by the Company to review this Agreement with his/her personal attorney before signing it. The execution of this Agreement by the Employee will constitute conclusive evidence that the Employee has reviewed and consulted with his/her attorney or has waived his/her right to do so.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date referred to above.

CGH TECHNOLOGIES, INC.

_____
Human Resources Signature

7/3/08
_____
Date

EMPLOYEE

_____
Signature

_____
Print

7-3-08
_____
Date